IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VIRIRIANA HERNANDEZ,<br><br>Defendant and Debtor.<br>——————————————<br>JESUIT RESTORATIVE JUSTICE INITIATIVE,<br><br>Garnishee. | Case No. 1:26-mc-00002-JLT-EPG<br>Criminal Case No. 1:14-CR-00147-LJO-BAM<br><br>FINDINGS AND RECOMMENDATIONS FOR FINAL ORDER OF GARNISHMENT (WAGES)<br><br>(ECF No. 8)<br><br>TWENTY-ONE DAY DEADLINE |

Currently pending before the Court is the United States' request for findings and recommendations regarding issuance of a final garnishment order against the nonexempt disposable earnings of the Defendant and Judgment Debtor, Viririana Hernandez ("Defendant") from her employer, Jesuit Restorative Justice Initiative (ECF No. 8). The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(7).

I.     BACKGROUND

On November 2, 2015, Defendant was sentenced on three counts for violations of 18 U.S.C. § 1349 and 18 U.S.C. § 1028A, conspiracy to commit mail fraud, wire fraud, and bank fraud and aggravated identity theft. (*United States v. Hernandez,* Case No. 1:14-cr-00147-002-LJO-BAM (ECF

1

No. 93 at 1)). Defendant received a total term of 54 months in prison, to be followed by 36 months of supervised release. (*Id.* at 2-3). As part of her judgment, she was ordered to pay a statutory assessment of $300.00 and $125,884.05 in restitution. (*Id.* at 5).

On January 16, 2026, in an attempt to collect money still owed, the United States filed an application for a writ of continuing garnishment against Defendant's nonexempt earnings from her current employer, Jesuit Restorative Justice Initiative, for the remaining balance of $26,145.55 that was still owed from the original amount assessed as part of her judgment. (*United States of America v. Hernandez,* Case No. 1:26-mc-00002-JLT-EPG (ECF No. 1)). The Clerk of Court issued the writ of continuing garnishment on January 20, 2026, approving a 25% surcharge of $26,145.55. (*Id.* ECF No. 2) The United States served Defendant with copies of the writ and related documents on the January 28, 2026. (ECF No. 6). The documents served on Defendant advised her, among other things, of her right to claim exemptions to garnishment and request a hearing. (*See* ECF Nos. 6-1, 6-4).

The Garnishee filed its acknowledgement of service and answer on February 6, 2026, identifying the applicable pay period and amount of disposable earnings for Defendant. (ECF No. 7). The Garnishee served the acknowledgement of service and answer on Defendant on February 4, 2026. (*Id.*).

The United States now seeks a final order of garnishment pursuant to § 3205(c)(7) of the Federal Debt Collections Procedure Act (FDCPA), 28 U.S.C. §§ 3001, *et seq.*, against 25% of Defendant's non-exempt disposable earnings from the Garnishee. (ECF No. 8).

## II.    DISCUSSION

Pursuant to the Mandatory Victims Restitution Act, the United States may enforce a judgment imposing a fine, including restitution, in accordance with the practices and procedures for enforcing a civil judgment under the FDCPA. *United States v. Mays,* 430 F.3d 963, 965, n.2 (9th Cir. 2005). The FDCPA sets forth the "exclusive civil procedures for the United States . . . to recover a judgment on. . . an amount that is owing to the United States on account of . . . restitution." *Id.* at 965 (quoting 28 U.S.C. §§ 3001(a)(1), 3002(3)(B)).

The FDCPA permits the Court to "issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment

2

against the debtor." 28 U.S.C. § 3205(a). "Disposable earnings" is defined as "that part of earnings remaining after all deductions required by law have been withheld." 28 U.S.C. § 3002(5). "Nonexempt disposable earnings," in turn, "means 25 percent of disposable earnings, subject to section 303 of the Consumer Credit Protection Act." 28 U.S.C. § 3002(9). "Several courts have explained that 25% is the maximum figure, and not a mandatory amount." *United States v. Masten*, No. C 10-80230 CRB JCS, 2011 WL 5975132, at *2 (N.D. Cal. Jan. 3, 2011), *report and recommendation adopted*, No. C 10-80230 CRB, 2011 WL 5974974 (N.D. Cal. Nov. 29, 2011). Additionally, "the United States is entitled to recover a surcharge of 10 percent of the amount of the debt in connection with the recovery of the debt, to cover the cost of processing and handling the litigation and enforcement . . . of the claim for such debt." 28 U.S.C. § 3011(a).

The United States is required by the FDCPA to provide the judgment debtor with notice of the commencement of garnishment proceedings. 28 U.S.C. § 3202(b). The judgment debtor then has twenty days after receipt of the notice to request a hearing. *Id.* After the garnishee files an answer, and if no hearing is requested within the required time period, the Court must promptly enter an order directing the garnishee as to the disposition of the judgment debtor's property. 28 U.S.C. § 3205(c)(7).

Here, Defendant's nonexempt disposable earnings are subject to garnishment under the FDCPA. *See* 28 U.S.C. § 3205(a). The United States provided Defendant with notice of the garnishment proceedings on January 28, 2026. (ECF No. 6). The documents served on Defendant advised her of her rights to claim exemptions and request a hearing. (*Id.*) Defendant was further advised of the applicable deadlines for exercising these rights under the FDCPA. (*Id.*) Neither Defendant nor any other person filed any exemption claims, objections, requests for hearing, or other response in this garnishment action and their time to do so has now expired. Pursuant to 28 U.S.C. § 3205(c)(7), as no hearing was requested during the applicable time period, the Court will recommend that an order issue directing the Garnishee as to the disposition of Defendant's nonexempt disposable wages.

**III.    ORDER AND RECOMMENDATIONS**

Accordingly, IT IS ORDERED that the United States is directed to serve a copy of these findings and recommendations on the Garnishee and Defendant and file proof of such service within seven (7) days of entry of these findings and recommendations.

Based on the foregoing, IT IS RECOMMENDED that:

1.      The United States' Request for Findings and Recommendations for Final Order of Continuing Garnishment be GRANTED (ECF No. 10)

2.      Garnishee Jesuit Restorative Justice Initiative be directed to pay the Clerk of the United States District Court twenty-five percent (25%) of Viririana Hernandez's ongoing and non-exempt disposable earnings, including, but not limited to wages, earnings, commissions, and bonuses;

3.      Garnishee Jesuit Restorative Justice Initiative be directed to pay the Clerk of the United States District Court the amount of non-exempt disposable earnings, including, but not limited to wages, earnings, commissions, and bonuses, already withheld as a result of the writ, within fifteen (15) days of the filing of the Final Order.  Payment shall be made in the form of a cashier's check, money order, or company draft, made payable to the "Clerk of the Court" and delivered to:

> United States District Court, Eastern District of California
> Office of the Clerk
> 501 I St., Rm. 4-200
> Sacramento, CA 95814

The criminal docket number (1:14-cr-00147-LJO-BAM) shall be stated on the payment instrument;

4.      The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary; and

5.      The garnishment shall terminate when (1) the United States seeks to terminate the writ or (2) when the judgment amount and litigation surcharge are fully satisfied.

6.      Should the garnishment still remain active on November 1, 2027, the United States shall file a status report indicating the remaining judgment amount.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days, after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\

\\\

Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **May 7, 2026**                    /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE